RICKARD vs. KOHL.

*Counter-claim—Conditional and absolute promises to pay in same instrument.*

1. A claim against plaintiff, purchased by defendant after the commencement of the action, cannot be set up as a counter-claim under subd. 2, sec. 11, ch. 125, R. S.

2. By an instrument dated October 18, 1865, K., for value, promises, on or before October 3d, 1866, "to pay R. or bearer the sum of $900, and the sum of $600 in addition, providing the said R. has paid, satisfied and discharged a certain mortgage given by him to the La C. & M. R. R. Co., for $600, on a certain piece of land for which this note is given in part payment—said mortgage to be paid within three years; if not, said K. to apply said $600 in payment thereof." *Held*, that this was an absolute promise to pay the $900, and defendant, holding plaintiff's note to the R. R. Co. for $600, secured by mortgage as above stated, could not set it up as a counter-claim to an action for the $900.

APPEAL from the Circuit Court for *Dodge* County.

The action was on the following instrument: "$1500. On or before the 3d of October, 1866, for value received, I promise to pay *Chester Rickard* or bearer the sum of nine

hundred dollars, and the sum of six hundred dollars in addition, providing the said *Chester Rickard* has paid or caused to be paid, satisfied and discharged, a certain mortgage given by him to the La Crosse & Milwaukee R. R. Co., for $600, on a certain piece of land for which this note is given in part payment—the said mortgage to be paid within three years, if not, the said *Kohl* to apply the said $600 in payment of said mortgage. Interest 7 per cent. Rubicon, Oct. 18th, 1865. JOHN KOHL." The complaint states that in October, 1866, *Kohl* paid plaintiff $500 of the principal sum named in said instrument, and $105 as interest thereon; and asks judgment for $400, as due and unpaid.

The answer sets up a counter-claim, the nature of which will appear from the opinion; and the defendant appealed from an order denying him judgment on his counter-claim.

*Lewis & Fribert*, for appellant:

Where the objection to a counter-claim is, not that the facts alleged do not constitute any cause of action in favor of the defendant against the plaintiff, but that the demand founded upon them cannot be set up as a counter-claim in the pending action, such objection must be taken by demurrer or it is waived. R. S., ch. 125, secs. 15, 16, 31, 32; 1 Tiff. & Sm. Pr., 386–7. 2. Sec. 11, ch. 125, R. S., allows defendant to set up as a counter-claim a demand acquired after the commencement of the action, provided it is " connected with the subject of the action." Compare subds. 1 and 2, and see *Willis v. Chipp*, 9 How. Pr. R., 568; *Van Valen v. Lapham*, 13 id., 240; *Rice v. O'Connor*, 10 Abb., 362; 1 Tiff. & Sm. Pr., 378, 382; 2 Whitt. Pr. (3d ed.), 163; *Chambers v. Lewis*, 11 Abb., 320; 16 id., 433; *Barhyte v. Hughes*, 33 Barb., 320. The counter-claim in question is connected with the subject of the action. *Racine Co. Bank v. Keep*, 13 Wis., 214; *Butler v. Titus*, id., 430; *Walker v. Wilson*, id., 522, 526; *Hall v. Gale*, 14 id., 54; *Curtis v. Barnes*, 30 Barb., 225.

*A. Scott Sloan*, for respondent, cited R. S., ch. 125, sec. 11; 1 Tiff. & Sm. 378, 382; *Vassear v. Livingston*, 13 N. Y., 249; *Van Valen v. Lapham*, 13 How. Pr. R., 240; *Rice v. O'Connor*, 10 Abb., 362; *Chambers v. Lewis*, 11 id., 210; *Durkee v. Bank of Kenosha*, 13 Wis., 216; *Curtis v. Moore*, 15 id., 134.

DIXON, C. J.    This is an action to recover the balance of an installment of money, alleged to be due upon a promissory note.    The defendant answered, and, among other things, set up as a counter-claim a demand against the plaintiff, namely, a promissory note which, it appears by the answer, the defendant purchased after this action was commenced.    The plaintiff not having replied to the new matter constituting the supposed counter-claim, the defendant moved for judgment as provided by section 16, chap. 125, R. S.    The court denied the motion, and from that order this appeal is taken.    The order must be affirmed.    Nothing is clearer than that the counter-claim specified in subdivision 2 of section 11 of the same chapter, must be one existing in favor of the defendant and against the plaintiff at the time the action is commenced.    This is not such a counter-claim, and, by the very authorities cited by counsel for the appellant, it cannot be sustained.    *Van Valen v. Lapham*, 13 How. Pr. R., 240; *Rice v. O'Connor*, 10 Abbott, 362; *Chambers v. Lewis*, 11 id., 210.    The action being to recover the first installment, which the defendant promised to pay, the counter-claim is not one arising out of, or connected with, this cause of action.    The proviso or condition of the note sued on, as to the discharge of the mortgage by which it appears that the note set up as a counter-claim is secured, relates only to the other $600, or second installment, which was not due at the time this action was commenced.

*By the Court.*—Order affirmed.